if I did not hold this view, I would grant the petition to resolve the question whether a trial court may instruct a penalty phase jury that, "[i]f you conclude that the aggravating circumstances outweigh the mitigating circumstances, you *shall* impose a sentence of death." As I stated in *Hamilton* v. *California*, 488 U. S. 1047 (1989) (MARSHALL, J., dissenting from denial of certiorari), "I have grave doubts that such an instruction permits the individualized and reliable sentencing determination that the Constitution requires in capital cases, particularly where, as here, it is coupled with prosecutorial remarks stressing the limits on jurors' discretion." *Ibid.* I dissent.

No. 87–1224. ORING *v.* STATE BAR OF CALIFORNIA, 488 U. S. 590;

No. 88–893. WALKER ET AL. *v.* VALLEY NATIONAL BANK OF DES MOINES, IOWA, ADMINISTRATOR OF THE ESTATE OF WALKER, ET AL., 488 U. S. 1035;

No. 88–5864. HOOKS *v.* ALABAMA, 488 U. S. 1050;

No. 88–5936. DAVIS *v.* CITY OF TUCSON, 488 U. S. 1032; and

No. 88–6137. SWENSON *v.* MARSH, SECRETARY OF THE ARMY, *ante,* p. 1025. Petitions for rehearing denied.

No. 88–658. PANHANDLE EASTERN PIPE LINE CO. *v.* ILLINOIS EX REL. HARTIGAN, ATTORNEY GENERAL OF ILLINOIS, 488 U. S. 986. Motion for leave to file petition for rehearing denied.

No. 88–5732. HILL *v.* REDMAN, WARDEN, 488 U. S. 996. Motion for leave to file petition for rehearing denied. JUSTICE BRENNAN took no part in the consideration or decision of this motion.

MARCH 21, 1989

No. 88–6857 (A–746). KING *v.* LYNAUGH, DIRECTOR, TEXAS DEPARTMENT OF CORRECTIONS. Ct. Crim. App. Tex.; and

No. A–758 (88–6861). KING *v.* LYNAUGH, DIRECTOR, TEXAS DEPARTMENT OF CORRECTIONS. C. A. 5th Cir. Applications for stay of execution of sentence of death, presented to JUSTICE WHITE, and by him referred to the Court, denied. Certiorari de-